UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH JONES,

      Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

      Defendant.

_____/

Case No. 13-11740

Hon. John Corbett O'Meara

**OPINION AND ORDER DENYING DEBORAH JONES'S MOTION FOR SUMMARY JUDGMENT AND GRANTING CAROLYN W. COLVIN'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Deborah Jones filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(a) October 9, 2013.  Defendant Carolyn W. Colvin ("Commissioner") filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(a) February 10, 2014.  Plaintiff then filed a reply brief February 27, 2014.  For the reasons set forth below, the court will grant Commissioner's motion for summary judgment and deny Plaintiff's motion for summary judgment.

**FACTS**

Plaintiff filed for disability insurance benefits and supplemental security income alleging a disability commencing on or near July 1, 2010.  Upon denial of

the claims, Plaintiff sought hearing-based review before an ALJ and a hearing took place on September 9, 2011. Resulting from that hearing, the ALJ issued Plaintiff an adverse decision on November 23, 2011. Based on the adverse decision, Plaintiff sought review by the Appeals Council; however, the Appeals Council denied review. Because that makes the decision of the Commissioner final, Plaintiff seeks review by this court.

## LAW AND ANALYSIS

### A. Standard of Review

Under 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by civil action. . . ." If the court finds that there is substantial evidence to support the record, then the decision of the ALJ is conclusive and the decision must be affirmed. Id.; see also Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Sec'y of Health and Human Serv., 948 F.2d 989, 992 (6th Cir. 1991).

"The substantial evidence standard is less exacting than the preponderance of the evidence standard." Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007), citing Bell v. Comm'r of Soc. Sec., 105 F.3d 244, 246 (6th Cir. 1996). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson,

402 U.S. at 401, citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938) (internal quotation marks omitted); cf. Bass, 499 F.3d at 509.

### 1. Treating-Physician Rule

Plaintiff contends that the ALJ did not afford proper weight to Dr. Rasak's and Dr. Krugel's opinions with regard to the ALJ's disability analysis.  It is well established that an ALJ "must give a treating source opinion controlling weight if the treating source opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (2009), citing Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (2004) (quoting 20 C.F.R. § 404.1527(d)(2) currently (c)(2)) (internal quotation marks omitted). This is known as the treating-physician rule.

In considering the weight to give to a treating physician's opinion under the treating-physician rule, the ALJ is to evaluate "the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." Blakley, 581 F.3d at 406; Wilson, 378 F.3d at 544; 20 C.F.R. § 404.1527(c)(2).  With respect to 20 C.F.R. § 404.1527(c)(2), the decision of the ALJ must "contain specific reasons for the weight given to the treating source's medical opinion, supported by the

evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight . . . [given] to the treating source's medical opinion . . . ." SSR 96-2P, 1996 WL 374188 (July 2, 1996); Blakley, 581 F.3d at 406-07; Wilson, 378 F.3d at 544.

### A. Dr. Krugel's Medical Opinion

With respect to Plaintiff's contentions, the ALJ considered the proper factors when discrediting Dr. Krugel's medical opinion. As to factor one, length of the treatment relationship and frequency of examination, the ALJ's opinion indicates that the relationship began around July 2010 and continued until September 2011. (Tr. 21-24.) As to factor two, nature and extent of the treatment relationship, the ALJ considered that Plaintiff saw Dr. Krugel for her right knee pain, gave her a cortisone injection, and prescribed pain relievers. (Tr. 20.) As to factor three, supportability of the opinion, the ALJ found that the doctor's opinion was inhibited because of Plaintiff's "lack of urgency," regarding the MRI imaging. (Tr. 20-23.) As to factor four, consistency with the opinion and record as a whole, the ALJ found that this opinion conflicted with the doctor's own opinions and indicated that his opinion was given "modest weight." (Tr. 24.) Lastly, as to factor five, specialization of the treating physician, the ALJ properly considered that Dr. Krugel was an orthopedic surgeon. (Tr. 20.)

### B. Dr. Rasak's Medical Opinion

Turning to Dr. Rasak's medical opinion, the ALJ properly concluded that the doctor's opinion was only given slight weight. In reviewing the 20 C.F.R. § 404.1527(c) factors from above and factor one, the ALJ properly noted that the treatment relationship began in January of 2011 and extended to as late as August of 2011. (Tr. 21-23.) As to factor two, the ALJ indicated that the doctor ordered a stress test, made the relative evaluations, and cleared Plaintiff for a surgery and an MRI for Dr. Krugel. (Tr. 21.) As to factor three, through Dr. Rasak's stress test, there were credible findings to support the doctor's determination that Plaintiff's cardiac conditions were improving, had good blood flow, and suffered only from poor exercise tolerance. (Tr. 21.) As to factor four, consistency with the record as a whole, the ALJ indicated that there was some contradiction in the doctor's own notes. (Tr. 21-23.) Although Plaintiff was getting better, the letter-based opinions progressively got worse. (Tr. 21-23.) As to factor five, the ALJ noted that Dr. Krugel was the treating cardiologist. (Tr. 21.)

The ALJ properly considered and weighted the factors elaborated in 20 C.F.R. 404.1527(c) and as conveyed through Sixth Circuit precedents. Although the ALJ did not put all of the factors in a concise format, the ALJ did consider them. There was sufficient evidence in the record described with accurate specificity to support the ALJ's conclusion. "[I]f substantial evidence supports the

ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" Blakley, 581 F.3d at 406, quoting Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997).

### 2. Credibility Assessment

Next, Plaintiff contends that the ALJ's credibility analysis is not supported by substantial evidence. The court disagrees. Under 20 C.F.R. § 1529(a), the ALJ will consider "all of your statements about your symptoms, such as pain . . . . However, statements about your pain or other symptoms will not alone establish that you are disabled . . . ." Any subjective statements are considered and discredited if not objectively corroborated by evidence in the record. Id. In reviewing subjective statements of pain, the first step of the analysis asks if there is "objective medical evidence of an underlying condition." Felisky v. Brown, 35 F.3d 1027, 1038-39. If so, then the second step asks whether the "objective medical evidence confirms the severity of the alleged pain . . . or . . . objectively established medical condition . . . can be expected to produce . . . [the] pain." Id.

The above-mentioned legal framework is expressly mentioned in the ALJ's opinion. (Tr. 19.) As to the ALJ's legal analysis, the court finds that there was no error. (Tr. 19.) Thus, this court must determine whether there was sufficient evidence to support the ALJ's conclusion. If there was sufficient evidence, then

this court defers to the ALJ—even if there was sufficient evidence to support an opposite result. Blakley, 581 F.3d at 406.

To begin, the ALJ considered the disability report and its contents, describing Plaintiff's personal limitations. (Tr. 19.) Plaintiff's testimony mildly corroborates the personal limitations she claims; the ALJ considered the Plaintiff's testimony in detail. (Tr. 19.) However, Plaintiff's statements were then measured against the objective evidence in the record. (Tr. 19.) In support, Dr. Walker's opinion supported Plaintiff's statements, ordering an x-rays and prescribing Meloxicam. (Tr. 19.)

Most prejudicial to Plaintiff's own testimony and Dr. Walker's opinion, the ALJ noted, was that the Plaintiff was not adamant in seeking treatment. (Tr. 19-22.) Disregarding Dr. Walker's opinion, Plaintiff did not get the x-rays. (Tr. 20.) Plaintiff noted that she did not have time to get the x-rays. (Tr. 20.) After months had passed, Plaintiff then sought treatment by Dr. Krugel who was able to take the x-rays. (Tr. 20.) The x-rays did indicate mild osteoarthritis, and Plaintiff received a cortisone injection. (Tr. 20.) After further allegations of pain, Dr. Krugel prescribed Tylenol and Mobic (Meloxicam). (Tr. 20.) However, when Dr. Krugel ordered an MRI, Plaintiff did not go to get the MRI scan. (Tr. 20.)

Upon Plaintiff's heart condition and related hospitalization, Plaintiff was treated by Dr. Rasak, a cardiologist. (Tr. 21.) Dr. Rasak's opinion, stress tests,

7

and related examinations yielded results that indicated a heart condition, but the recovery was "quite well." (Tr. 21.) Dr. Rasak cleared Plaintiff for surgery and an MRI with Dr. Krugel; however, the surgery and the MRI were never performed. (Tr. 21.)

With regard to Plaintiff's psychological issues, Plaintiff sought treatment by Dr. Bhavsar who made the relative evaluations. (Tr. 21-22.) Plaintiff treatment by Dr. Bhavsar occurred one year after Plaintiff complained of psychological conditions to Dr. Walker. (Tr. 22.) After being diagnosed, Plaintiff waited two months before seeking treatment for her condition. (Tr. 22.)

While this is not intended to be a complete summary of evidence presented and considered, the ALJ properly measured the Plaintiff's subjective complaints against her activities and the objective evidence in the record. (Tr. 22-23.) Because this court finds that there was substantial evidence in the record to support the ALJ's opinion, this court defers to the ALJ to make the credibility determinations. See Blakley, 581 F.3d at 406; Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 247-48 (6th Cir. 2007) ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of the witness, including the claimant.").

## **CONCLUSION**

It is hereby **ORDERED** that plaintiff Deborah Jones's October 9, 2013 motion for summary judgment is **DENIED**.

It is further **ORDERED** that Commissioner's February 10, 2014 motion for summary judgment is **GRANTED**.


Date: July 31, 2014              s/John Corbett O'Meara
                                 United States District Judge



I hereby certify that on July 31, 2014 a copy of this opinion and order was served upon counsel of record using the court's ECF system.


                                 s/William Barkholz
                                 Case Manager